Our next argued case is Mendoza-Garcia v. Garland and I believe that Ms. Alexander is first up. Yes, your honor. Thank you and may it please the court. My name is Nancy Alexander and I represent petitioner Mr. Diego Mendoza-Garcia. I'd like to reserve three minutes of my time for rebuttal. We ask that this court remand Mr. Mendoza-Garcia's removal proceedings with instructions to terminate. This is because his Oregon first-degree burglary conviction is not a conviction for an aggravated felony. I would like to talk to you today about three issues. First, curtilage. Second, this court's case in United States v. Cisneros. And third, the particularly serious crime issue. Curtilage falls outside of the generic definition of building because it's not a building or other structure. And Oregon's definition of building covers curtilage. Second, the agency erred in disregarding this court's presidential decision in United States v. Cisneros when it broadly found that all of Oregon first-degree burglary is a categorical match for generic burglary. Third, the BIA legally erred in the particularly serious crime analysis by requiring Mr. Mendoza-Garcia to rebut a presumption and present exculpatory or mitigating evidence. To get a bit more into the curtilage issue, the generic federal definition of burglary requires a building or other structure. This definition was broadened by the Supreme Court in Stitt. Yeah, and Stitt says it's any place adapted for overnight accommodation of persons. And as I read Stitt, it explicitly mentions Oregon law as one of the laws that fits within its new generic definition of burglary. And it overruled our earlier cases to the contrary, which had said, well, a boat isn't a dwelling or a shed isn't a dwelling. And basically, I read Stitt as covering the Oregon burglary statute expressly. I think, Your Honor, where it references Oregon burglary, that's an example of a statute that does reference this adapted for overnight accommodation. So Oregon burglary certainly does include adapted for overnight accommodation, but it's not limited to that. It can also be a building that's used for business purposes. But it's divisible. We have a case saying that it is divisible. So the only question here is whether dwelling in the state law, 164-225, is the same as dwelling in the federal definition given by Stitt. So looking at the definition of dwelling, how, in your view, is it different? It's different, Your Honor, because Oregon dwelling covers intermittently occupied by a person at night, which is distinct from customary use or from adapted for overnight accommodation. If it's adapted for overnight accommodation of persons, it can be intermittent. I mean, if I have a lovely cabin in the woods and I only go there twice a year, it's intermittent. But it's certainly adapted for overnight accommodation of persons. So what does intermittent have to do with it? So I think your reference to the cabin would be, yes, a building that's been adapted for overnight accommodation. But Oregon burglary doesn't require adapted for overnight accommodation. Instead, it could require for business purposes. So that could mean that some... Let me stop you there because I don't understand the argument that business purposes takes it outside of Stitt. Because Stitt says on page 406, after all, a burglary is no less a burglary because it took place at a summer home during the winter or a commercial building during a holiday. So given that Stitt says that burglary of a commercial building fits within the federal definition of burglary, how can you say that for business purposes makes it outside of the federal definition? Stitt says the contrary. So Oregon law defines business purposes broadly to include things like just storage. So there's Oregon case law that provides business purposes can uncover something like a recycle bin used for storage. So that's how it can sweep more broadly. It's not just a commercial location, but things used for storage. So Stitt does not overrule the Supreme Court's findings in Taylor or in Mathis, where the court recognized that ordinary boats, ordinary vehicles not used for overnight accommodation fall outside the generic definition of building. And Oregon law, because it sweeps so broadly in terms of what it defines as building, does cover those types of locations of ordinary boats, ordinary vehicles used for storage. But we also have the overlay because it's first degree of dwelling. And I don't see why that doesn't bring it categorically within the federal definition as construed in Stitt. So two points there, Your Honor. The board here actually did not limit its finding to just dwelling burglary. It said all of Oregon first degree burglary is overbroad. And then second, I think the distinction there is that dwelling burglary requires intermittent use for overnight accommodation. So it doesn't require that customary use. So Oregon law has defined that intermittent use as... The federal doesn't either. Stitt says any place adapted for overnight accommodation of persons. It doesn't say they have to actually go there or even go there often or something. And first degree burglary is only about a dwelling. A dwelling is any place that is adapted for overnight accommodation of a person. So why is it overbroad? So Oregon dwelling doesn't have to be adapted for overnight accommodation of persons. It can be this business use that's intermittently occupied. But burglary in the first degree does not cover commercial. The building must be a dwelling for him to be guilty of first degree burglary. So commercial has nothing to do with this case. It's divisible between first degree dwelling and other forms of burglary. So the only relevant analysis is whether burglary of a dwelling under Oregon law fits the definition. And I think there to the Oregon Court of Appeals case, Your Honor, State versus Taylor takes Oregon dwelling burglary outside of the federal generic definition. There, the Oregon Court of Appeals looked at a breezeway, which was an area outside of the home used only for storage. And it found that that area was sufficient to constitute a dwelling for purposes of Oregon law. But that area outside of the home does not fit within Stitt's definition, even of the revised definition of building, because it's an area outside of the home used for storage rather than for overnight. Taylor seemed to construe the whole thing, even the breezeway as one structure. And Taylor says the plain meaning of a dwelling as relevant here is a roof structure that is more or less completely enclosed by walls and is regularly or intimately occupied by a person who resides in the structure at night. There's not a lot of daylight between that and the STID, is there? I think the distinction here is that there's no access to the home at all from the breezeway at issue in Taylor. Instead, it was used for storage and as a dog run. So and it's also an area that's open, open to anybody to walk up and walk into. So the risk of confrontation is a lot lower in that sort of area where there's no access to the home versus something where you're actually entering a home, a home that's a dwelling. Your honors, with that, I'd like to turn to my third point, where on the particularly serious crime issue on that issue, the government and Mr. Mendoza-Garcia agree here that the Board of Immigration Appeals legally erred in applying 8 CFR 1240.8D to the particularly serious crime analysis. And the appropriate action here by this court is remand. There are three different reasons why that's the case. The government here relies on the immigration judge's decision on the particularly serious crime issue. However, it's the BIA's decision that's before this court rather than the immigration judges. And further, the immigration judge's decision was error. It contained they contained an analysis of the sentence imposed upon Mr. Mendoza-Garcia after a probation violation and contravention of this court's case law. And the immigration judge's analysis went well beyond the facts and circumstances of the offense, considering things like a very disturbing pattern and a pattern of conduct that indicates a potential for danger. These types of things are outside of the particularly serious crime analysis, which is laser focused on the facts and circumstances underlying the offense. And it's not looking at the likelihood of future misconduct. And instead here, the immigration judge did not limit his analysis to just the facts and circumstances of the offense at issue, but instead considered a wide range of Mr. Mendoza-Garcia's conduct to find the crime particularly serious. And with that, Your Honors, I would like to reserve the rest of my time for rebuttal unless there are further questions. You may do that. We'll hear from Ms. Nahas. I hope I pronounced that correctly. That's right, Your Honor. Good morning. May it please the court, Rebecca Nahas for the United States Attorney General. Your Honors are correct that this case is about first degree burglary of a dwelling. This court in Diaz-Flores already determined that first degree burglary in Oregon is divisible between burglary of a dwelling and burglary of a non-dwelling with an aggravating factor. And so that statute of conviction of burglary of a dwelling is the one that is before the court. And reading the definition of building and dwelling together, those non-traditional structures fall squarely within stick because they are adapted. They're necessarily adapted for overnight accommodations by virtue of someone using those structures for sleep, whether regularly or intermittently. And contrary to petitioners claim, this court's decision in Cisneros has been abrogated by STIT. Cisneros found that this statute, burglary of a dwelling, was overbroad for one issue because it covered these non-traditional structures that are movable. Counsel, are there any Ninth Circuit cases that expressly hold that Cisneros was abrogated by STIT? Not Cisneros yet, but we're asked the court to do that here. However, in Muti, a Ninth Circuit decision, it found that Griselle had been abrogated by STIT and Griselle considered whether second degree burglary in Oregon. So a related statute, Griselle found that statute overbroad for the same reason, because it encompassed those non-traditional structures like a booth, a boat, a vehicle, or an aircraft. And Griselle's reasoning was found to be in direct conflict with STIT, and this court in Muti found Griselle overruled. And in fact, Cisneros, in concluding that our statute was overbroad for including those non-traditional structures, it cites Griselle, and now Griselle has been overruled. Counsel, doesn't Diaz-Flores cite Cisneros, and that case was after Muti and STIT? So how do you explain that? Yes, so the court in Diaz-Flores was not citing Cisneros for approval for its conclusion that these non-traditional structures are overbroad, because that issue was simply not before the court. The court was considering whether this offense is a crime involving moral turpitude, and that has a different generic definition, and that generic definition does not turn on the type of structure at issue. So to be a crime involving moral turpitude, it could be a boat, and it doesn't need to be adapted for overnight accommodations. So the court in Diaz-Flores was not addressing the question that we're addressing here. It simply cited Cisneros for the proposition that it's not relevant, because it was addressing a different issue. So Diaz-Flores certainly has not approved of Cisneros post-STIT. And I'll also note that Diaz-Flores doesn't cite STIT, doesn't discuss STIT, doesn't address it. So we believe that Cisneros, like Grisel, and it relied on Grisel, has been abrogated. I'm sorry, go ahead. I was going to ask you about the particularly serious crime issue. What is your position about that? Your Honor, as we indicated in our answering brief, we do believe that the board impermissibly applied a presumption of a particularly serious crime. But we don't think that remand is necessary, because it would be futile where the outcome is a foregone conclusion in this case, because the facts are quite egregious. Under Ventura and Thomas and the whole long line of cases, the Supreme Court has basically told us not to engage in that sort of reasoning with respect to an agency's decision, particularly the Board of Immigration Appeals. Why don't we have to send it back for the BIA to apply the correct standard of invalid presumption? Well, the reason is, Your Honor, is we're not relying on our own analysis. We're relying on the immigration judge's analysis. So the agency has reviewed this. The board's entitled to do a de novo review of the IJ's discretionary decision. And frequently IJs mess up and the board does a de novo discretionary and does it right. And that is gone here if we don't follow the ordinary remand rule of Ventura. The board's entitled to and is supposed to take a fresh look at this. You're right, Your Honor. I believe the board did say that it was reviewing that issue de novo, if I remember it correctly. Yes, the standard is de novo. And what we're reviewing here, to be clear, is the final order of removal of the BIA. And when they do a separate review, a de novo review, we don't ordinarily look behind that to what the immigration judge did. Well, Your Honor, we're relying on the futility doctrine. We think that the immigration judge's decision is proper and so strong that it would withhold review before the board. And so to send it back, sort of for that... Counsel, are you aware of any case from this court or from the Supreme Court post-Ventura that permits us to do that on a futility theory as opposed to requiring us to send it back to the agency under a proper legal standard? I can't think of any cases, Your Honor. Well, I can't either. That's why I'm asking. If I may just get to the merits of this, why we think this is a strong... The IJ's decision was strong and would withstand review before the board, making remand futile. The nature of this crime, it's a burglary of an occupied dwelling. He pleaded guilty to the sentence enhancement that needs to be established beyond a reasonable doubt to breaking and entering an occupied dwelling. And the Supreme Court has repeatedly found that burglary invites violent confrontation, is a violent crime. And this court in Bexar found that aggravated felonies like first-degree burglary of a dwelling are more likely to be particularly serious crimes. So the nature of the elements of this statute really bring it within the ambit of... The problem is that the board in looking at the IJ's decision itself found part of it to be erroneous and then held that it was nonetheless harmless and looked at the other factors. The IJ did it all under the wrong standard because it was applying a presumption you concede is invalid. I don't see how we can salvage this. Why doesn't this just have to go back under Ventura? Well, Your Honor, we're not opposed to remanding it for the board to review the IJ's decision using the proper standard. But I think to answer your question about the sentence issue, we think that the IJ's decision is proper even without considering the sentence because the board has repeatedly found that the sentencing factor is not a dominant one. And the reason is that sentencing judges will issue more lenient sentences for things that have nothing to do with the seriousness or dangerousness of the crime. So the agency doesn't treat the sentencing factor as really an important one. I think we can rely really heavily on the nature of the conviction in the facts of this case. The petitioner was under a restraining order and violated that order and entered his ex-girlfriend's home, took a cell phone from her person because he was jealous that she was talking to another man. And this was following two assault convictions. And so certainly this was dangerous. There was a potential for danger in this case and in the facts and circumstances that the IJ properly considered. Support that conclusion. Unless your honors have any other questions about the particularly serious crime determination, I also wanted to address the petitioner's claim that the first degree burglary of a dwelling is overbroad because it reaches cartilage. It doesn't. State v. Taylor involved an enclosed structure with a roof. It shared a roof with the main house and the garage. It had four walls. And even putting aside the fact that it's connected to a house, it's a structure within the meaning of building or structure under Taylor. We don't even need STIT, as I believe Judge Collins pointed out. So cartilage has a meaning. It's the lawn or yard surrounding a house. What state v. Taylor describes is neither of those things. It's a structure that was attached to the house. So this statute absolutely does not cover cartilage and isn't overbroad. Unless your honors have any other questions, I will just ask the court to deny the petition for review. Thank you. Thank you, counsel. I believe Ms. Alexander has time remaining. Yes. Thank you, your honors. The minimum conduct punishable by Oregon first-degree burglary is the entering into a building that's used, or not even a building, sorry, rather, entering into a car occasionally used for a homeless person to sleep. The court in STIT recognized that this type of ordinary vehicle or ordinary boat still falls without or outside of the generic definition of building. As Judge Cho-Groves pointed out, this court in Diaz-Flores addressed Oregon dwelling burglary and recognized in footnote 5 that a boat is a dwelling so long as it's regularly or intermittently occupied by a person lodging therein at night. There's no requirement there that the boat be adapted for overnight accommodation. So for that reason, Oregon burglary remains overbroad even after Cisneros, I'm sorry, even after STIT. Rather, Cisneros, where this court has previously decided this question in favor of Mr. Mendoza-Garcia must be applied because the clearly irreconcilable standard does not require application of STIT instead. On the particularly serious crime issue, I would just note that counsel again asked this court and the board to consider facts and circumstances unrelated to the conviction at issue, which is not permitted by board case law or this court's case law. So therefore, we respectfully request that the court remand proceedings within order to terminate or alternatively remand for reconsideration on the particularly serious crime issue. With that, your honors, I submit. Thank you, counsel. The case just argued is submitted and we appreciate very helpful arguments from both counsel.
judges: GRABER, COLLINS, Groves